***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Donovan and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Donovan.
 ***********
The following documents were proffered as evidence before the Deputy Commissioner, and hereby accepted by the Full Commission, as:
 EXHIBITS
1. Plaintiff's Exhibit #1: DOC policy regarding contraband control.
2. Plaintiff's Exhibit #2: DOC policy regarding disposition of unauthorized items.
3. Plaintiff's Exhibit #3: DOC policy regarding disciplinary offenses.
4. Plaintiff's Exhibit #4: DOC policy regarding publications received or possessed by inmates.
5. Defendant's Exhibit #1: Inmate Grievance form.
6. Defendant's Exhibit #2: Warren Correctional Contraband Log.
7. Defendant's Exhibit #3: Publications Received/Possessed by Inmates Policy.
8. Defendant's Exhibit #4: Sgt. Dan Lynch Witness Statement.
 *********** ISSUES
On September 26, 2002, plaintiff filed an Affidavit alleging bailment, negligence, destruction of personal property and unauthorized acts on the part of Sgt. Dan Lynch at the Warren Correctional Institution in Mason, North Carolina, stemming from the confiscation of items plaintiff had in his possession, specifically: approximately 68 photographs, two magazines, and some prescription medication. Plaintiff maintains that the photographs, one of the magazines, and the medication were confiscated in violation of prison policy and procedure. Defendant filed a Motion to Dismiss with the Answer, contending that plaintiff's action did not allege any acts of ordinary negligence.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On March 28, 2002, plaintiff was transferred from Central Prison in Raleigh, North Carolina, to the Warren Correctional Institution in Mason, North Carolina.
2. Upon his arrival, plaintiff's possessions were searched by Sgt. Dan Lynch. Sgt. Lynch examined each of an undisclosed number of Polaroid photographs contained in a plastic bag and determined that approximately 68 of the photographs contained depictions of nude female breasts and/or genitalia. Two magazines were found containing photographs of naked women. Lastly, plaintiff had in his possession a prison-issued container of Tylenol prescribed for plaintiff at Central Prison.
3. Sgt. Lynch confiscated the 68 Polaroid photographs, the two magazines and 20-25 Tylenol tablets. The confiscated items were turned in to prison authorities, and the photographs and magazines were later destroyed.
4. Prison policy instructs that any sexually explicit materials in the possession of an inmate after January 31, 2002, "must be disposed of by mailing the material to an alternate address or by destroying the material." Plaintiff did not attempt to mail the material in question to an alternate address.
5. Sgt. Lynch testified that the practice at Warren Correctional Institution is to confiscate medication brought to the facility by an inmate and to have the medication re-prescribed by the in-house medical staff.
6. On March 28, 2002, plaintiff filed a grievance (Defendant's Exhibit #1), which was dismissed for lack of merit.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The State Tort Claims Act provides that the State is liable only for the negligent acts of its employees, but not for negligent omissions. N.C. Gen. Stat. § 143-291 et seq.; and Isenhour v. Hutto,129 N.C. App. 596, 501 S.E.2d 78 (1998), aff'd in part and rev'd in parton other grounds, 350 N.C. 601, 517 S.E.2d 121 (1999). The Industrial Commission does not have jurisdiction over claims arising from intentional acts. N.C. Gen. Stat. § 143-291(a); and Guthrie v. StatePorts Authority, 307 N.C. 522, 299 S.E.2d 618 (1983).
2. Defendant's Exhibit #3, Publications Received/Possessed by Inmates Policy, states that "no inmates will be allowed to have in their possession sexually explicit materials as defined by this policy." The policy instructs that any sexually explicit materials in the possession of an inmate after January 31, 2002, "must be disposed of by mailing the material to an alternate address or by destroying the material." Plaintiff's Exhibit #4, DOC policy regarding publications received or possessed by inmates (.0109(e)(1)(K)), provides that "sexually explicit material which by its nature or content poses a threat to the security, good order, or discipline of the institution" is grounds for the disapproval of a publication, and defines "sexually explicit" as including "fully or partially nude photographic depictions of inmate relatives and friends." Lastly, Plaintiff's Exhibit #4, DOC policy regarding publications received or possessed by inmates (.0109(e)(2)), states that "pictorial materials which depict exposed, uncovered human genitalia or the female breast are specifically deemed to be a threat to institutional order, security and safety and a threat to inmate rehabilitation and are prohibited."
3. Plaintiff did not attempt to mail the material in question to an alternate address. Given the policy for possession of the type of photographs and magazines confiscated by Sgt. Lynch, plaintiff has failed to show negligence on the part of Sgt. Lynch in the confiscation and destruction of such materials.
4. Plaintiff's Exhibit #1 Custody and Security Policy (.0802: Controlled Substances) states that "the head of each institution/correctional center of the Division of Prisons will assure compliance with the Controlled Substances Act. Bulk storage of controlled medications will not be allowed unless ordered by the Chief of Health Services." Sgt. Lynch testified that the practice at Warren Correctional Institution is to confiscate medication brought to the facility by an inmate and to have the medication re-prescribed by the in-house medical staff.
5. Plaintiff has failed to show that the confiscation of the medication he brought from Central Prison was against policy or constituted negligence on the part of Sgt. Lynch.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
Plaintiff's claim for compensation under the Tort Claims Act must be and is hereby DENIED.
This 17th day of February 2005.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/_______________ DIANNE C. SELLERS COMMISSIONER